## KREKEL v. KREICHBAUM ET AL.

1. **Estoppel:** FACTS CONSTITUTING. A. held a first, and B. a second, mortgage on a stock of goods. The sheriff had levied a number of attachments on the stock, all of which were subsequent to A.'s mortgage, but some of which were prior, and some subsequent, to B.'s mortgage. A. replevied the goods from the sheriff, and B. was the surety on his bond. It was agreed between A. and B. that the latter should hold the replevied goods, or their proceeds, for his indemnity as surety. The goods were sold pending the action, and B. held the proceeds. It was determined in the action that A.'s mortgage was fraudulent and of no

effect as against the attaching creditors, and judgment was rendered against him and B., his surety, for the value of the goods, which, by agreement of all the parties, was the amount of the proceeds in B.'s hands. It was also agreed between all the parties that B. should surrender said proceeds to the sheriff in satisfaction of the judgment, which he did. Afterwards, but before the sheriff had disbursed such proceeds, B. brought suit against the sheriff to recover, as a mortgagee, such of the proceeds as were not required to satisfy the attachments which were prior to his mortgage, but *held* that, having purchased immunity from the judgment by the surrender of such proceeds, he was estopped from setting up such claim under his mortgage.

*Appeal from Des Moines Circuit Court.*

FRIDAY, OCTOBER 8, 1886.

THE defendant Kreichbaum is sheriff of Des Moines county, and the other defendants are sureties on his official bond. Plaintiff brought an action to recover the value of his interest in a stock of goods on which he held a chattel mortgage. There was a trial to the court without the intervention of a jury, and the judgment was for defendants. The facts are stated in the opinion. Plaintiff appeals.

*S. L. Glasgow,* for appellant.

*Newman & Blake, Hall & Huston, Smyth & Sons* and *Poor & Baldwin,* for appellees.

REED, J.—On the seventeenth of October, 1882, Erb & Schaefer, a firm of merchants doing business in the city of Burlington, executed to one Henry Schaefer a chattel mortgage on the stock of merchandise owned by them, to secure an alleged indebtedness of $7,384. This mortgage was filed for record on the day on which it was executed, but the mortgagors retained possession of the property. On the twenty-fourth of the same month, a creditor of Erb & Shaefer sued out a writ of attachment in an action then pending in the circuit court of Des Moines county, and the same was placed in the hands of defendant Kreichbaum for service, and on the same day he served the writ by taking

possession of the property covered by said mortgage. On the next day two other attachments against the property of Erb & Schaefer were placed in his hands, and he levied them on the same property, the levies being made subject to that made on the twenty-fourth. On the same day, but after said writs had been levied, Erb & Schaefer executed to plaintiff a mortgage on the same property, to secure an indebtedness of $1,600. This mortgage recited that it was given suject to the mortgage to Henry Schaefer. It was filed for record on the day on which it was executed, and on the next day the defendant levied seven other writs of attachment, which came into his hands for service, on the property. On the eleventh of the following November the said Henry Schaefer brought an action against the sheriff to recover possession of the property. He filed the bond prescribed by Code, § 3229, and the clerk issued an order for the delivery of the property to him, and this order was duly executed. The plaintiff in this action was surety on the bond, and, to indemnify him against his liability thereon, it was agreed between him and Henry Schaefer that he should have the control of the property, or of its proceeds, in case it should be sold during the pendency of the action. It was sold before the cause was tried, and the money derived from the sale was placed in plaintiff's hands. The action was removed to the circuit court of the United States, and was tried in that court. In the answer filed by the defendant in the action, it was alleged that the mortgage under which Schaefer claimed was given without consideration, and was executed for the purpose of defrauding the creditors of Erb & Schaefer; and on the trial the mortgage was adjudged to be fraudulent and void as against the creditors.

The amount realized from the sale of the goods was less than the amount of the debt due the attaching creditors; but, after the court found the Schaefer mortgage fraudulent, it was agreed between the sheriff and attaching creditors on the one side, and Schaefer and this plaintiff on the other, that the

money derived from the sale of the property which was then in plaintiff's hands should be paid over to the sheriff, and should be accepted in full satisfaction of the liability of Schaefer and the sureties in the replevin bond. A judg-ment was accordingly entered which determined the right of the sheriff to the possession of the property, and fixed its value at the amount which had been realized from its sale, and, the plaintiff electing to take execution for the value of the property, it was adjudged that execution issue for that amount against Schaefer and the sureties on the replevin bond. The judgment also ordered that the amount, when collected, should be applied in satisfaction of the debts due the attaching creditors in the order in which their attach-ments had been served. Plaintiff thereupon paid over to the sheriff the money in his hands in satisfaction of the judg-ment, and the sheriff was proceeding to make the applica-tion of the fund directed by the judgment. But before he had completed the disbursement of the money, plaintiff served a written notice upon him, notifying him that he claimed the property from the sale of which the fund was derived, and he subsequently brought this action for the enforcement of that claim; his position being that by his mortgage he acquired a lien upon the property junior to that acquired by the attaching creditors whose writs were levied before said mortgage was executed, but superior to all claims of those whose writs were subsequently levied, and that this lien attached to the fund derived from the sale of the property. It is proper to say, in this connection, that the debt secured by plaintiff's mortgage is now due, and the amount of the fund which would remain after satisfying the attachments which were levied before the mortgage was exe-cuted would exceed the amount of that debt.

The position chiefly urged by defendants is that plaintiff is estopped by his agreement that the fund should be applied in satisfaction of the amount of the judgment rendered against him in the United States circuit court from asserting

that he has a lien upon it under his mortgage, and it appears to us that there is no satisfactory answer to this position. It may be conceded that plaintiff had a lien upon the property which was junior only to that of the attachments which were levied before his mortgage was executed, and that this lien attached to the fund derived from the sale of the property. The judgment in the circuit court of the United States conclusively determined, however, that he and Schaefer were liable to defendant and the attaching creditors for the value of the goods. For the purpose of relieving himself from that liability, he agreed to pay over the fund, and consented that it should be applied in satisfaction of that judgment. He did pay it over, and it was so applied. His agreement that the fund should be so applied constituted the consideration for his release from liability on the judgment. By this action he seeks, in effect, to appropriate a portion of the fund to his own use, while retaining all the benefits and advantages which he secured by his agreement that it should be applied to another use, and which constituted the consideration for such agreement. That he is not entitled to do this we think is entirely clear. When he consented that the fund should be appropriated to the satisfaction of the judgment, and by that means purchased immunity from further liability thereon, he relinquished all personal claim upon it.

The judgment of the circuit court is clearly right.

AFFIRMED.